Michael J. Gregg (SBN 321765)
Mark W. Skanes (SBN 322072)
**ROSEWALDORF LLP**
100 Oceangate, Suite 300
Long Beach, California 90802
Telephone:  (518) 869-9200
Facsimile:  (518) 869-3334
Email: mgregg@rosewaldorf.com
       mskanes@rosewaldorf.com

Attorneys for Defendants FCA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CAROLYN O'CONNELL, an individual,<br><br>             Plaintiff,<br><br>     vs.<br><br>FCA US LLC, a Delaware Limited Liability Company; ORANGE COAST AUTO GROUP, LLC d/b/a ORANGE COAST CHRYSLER DODGE JEEP RAM FIAT, a California Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.: 2:20-cv-04800<br><br>(Removed from Los Angeles County Superior Court, Case No. 20STCV15135)<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US LLC ("FCA US"), by its counsel, ROSEWALDORF LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, based upon federal question and diversity of citizenship,

the claims pending as Case No. 20STCV15135 of the Superior Court of California, County of Los Angeles. In support of this removal, FCA US states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Los Angeles, by Plaintiff CAROLYN O'CONNELL ("Plaintiff") against FCA US, entitled *Carolyn O'Connell v. FCA US LLC, a Delaware Limited Liability Company; Orange Coast Auto Group, LLC d/b/a Orange Coast Chrysler Dodge Jeep Ram Fiat, a California Limited Liability Company; and Does 1 through 20, inclusive*, Case No. 20STCV15135 (the "State Action"). The named Defendants are FCA US and Orange Coast Auto Group, LLC ("Orange Coast").

2. Plaintiff filed the State Action on April 20, 2020, asserting claims against Defendant FCA US for violation of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301 *et seq.* and California's Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1790 *et seq.* (Compl., Exhibit "A" to the Declaration of Michael J. Gregg ["Gregg Decl."], served and filed herewith.)

3. Pursuant to 28 U.S.C. § 1331, a federal district court will have original jurisdiction over all "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

4. Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

## II. PROCEDURAL REQUIREMENTS

5. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C § 1446(b). Where the last day to remove falls on a weekend or holiday, the period continues to run under Rule 6 until the

end of the next day that is not a weekend or holiday. *See Pogosyan v. U.S. Bank Trust Nat'l Ass'n*, 2015 WL 12696188 at *2 (C.D.Cal 2015); *Williams v. Leonard*, 2003 WL 163183 at *1 (N.D.Cal 2003). FCA US was first served with a copy of the Complaint on April 30, 2020. (Gregg Decl. ¶ 6; Service of Process Transmittal, Exhibit "B" to Gregg Decl.) Therefore, this Notice of Removal is timely filed.

6. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA US's possession are contained in Exhibit A–E filed herewith. (Gregg Decl. ¶¶ 5–9).

7. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the State Action has been pending.

8. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Los Angeles, promptly after filing of same in this Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

10. If any question arises as to the propriety of the removal of this action, FCA US requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA US' right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defenses available under state or federal law.

### III. THE COURT HAS FEDERAL QUESTION JURISDICTION

12. This Court has original jurisdiction over this civil action because it involves claims arising under the federal Magnuson-Moss Warranty Act, 15 U.S.C § 2301 et seq. ("MMWA"). See 28 U.S.C. § 1331.

13. The MMWA states in relevant part that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000. See 15 U.S.C. § 2310(d)(3)(B).

14. State law determines the measure and type of damages that are available under the MMWA. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir. 2004). The Song-Beverly Warranty Act is the appropriate state law when determining such damages. *Id.* Therefore, this Court may consider actual damages and potential civil penalties available under the Song-Beverly Warranty Act when determining the amount in controversy. *See Luna v. BMW of North America, LLC*, 2018 WL 2328365 (S.D.Cal. 2018) (holding that civil penalties under the Song-Beverly Warranty Act could be considered when determining if the $50,000 amount in controversy requirement under the Magnuson-Moss Warranty Act was met); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D.Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). In addition, this Court may also consider attorneys' fees in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D.Cal. 2017) citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Such claims for attorneys' fees commonly exceed $35,000. (Gregg Decl. ¶¶ 12–14.)

15. FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy requirement is met in this case.

16. In the Complaint, Plaintiff seeks both monetary and injunctive relief. Plaintiff asserts claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act and MMWA based upon alleged defects in a 2018 Jeep Compass (Compl., generally).

17. Specifically, Plaintiff alleges that on or about February 28, 2019, she purchased a 2018 Jeep Renegade, VIN: ZACCJADB0JPG66881 ("vehicle") for which FCA US issued express and implied warranties (Compl. ¶¶ 8, 28–29), that the subject vehicle "was delivered to Plaintiff with serious defects and nonconformities . . . and developed other serious defects and nonconformities" (Compl. ¶ 11), presented the vehicle for repairs (Compl. ¶ 16), and that "Defendant was unable to conform Plaintiff's Vehicle to the applicable express warranties after a reasonable number of attempts" and "has failed to promptly replace the new motor vehicle or promptly make restitution" (Compl. ¶¶ 18, 20; *see also* ¶¶ 57).

18. Plaintiff seeks "rescission of the purchase contract and restitution of all monies expended," and specifically, "reimbursement of the entire amount paid or payable for the Vehicle." (Compl., *prayer* & ¶ 60.) Plaintiff also seeks "diminution in value" and "incidental and consequential damages." (Compl., *prayer*.) In addition, Plaintiff seeks "a civil penalty in the amount of two times Plaintiff's actual damages." (Compl., *prayer*.) Finally, Plaintiff asserts that she "is entitled . . .to recover . . . costs and expenses, including attorneys' fees, reasonably incurred . . . ." (Compl. ¶ 62 & *prayer*.)

19. Plaintiff is allegedly seeking a minimum of $32,258.29 in restitution, which is the "Total Sales Price" that is "paid or payable" for the vehicle. (Contract for Sale, Section B Disclosures, Exhibit "G" to Gregg Decl.) A civil penalty of two times the claimed actual damages would equal $64,516.58. Taken together Plaintiff's claim for actual damages and a civil penalty of two times that amount equals $96,774.87, even before considering unspecified diminished value damages, incidental and consequential damages, or attorneys' fees which commonly exceed $35,000 in Song-Beverly cases (Gregg Decl. ¶ 12–14), and therefore exceeds the $50,000 threshold.

20. Accordingly, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1331 because it involves claims arising under the federal Magnuson-Moss Warranty Act, 15 U.S.C § 2301 *et seq*. and because the amount in controversy exceeds

$50,000.

21.     Finally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Specifically, Plaintiff's claims under the MMWA and Song-Beverly Consumer Warranty Act are all based upon the same allegations that Defendant failed to conform the vehicle to the applicable warranties after a reasonable number of repair attempts. Accordingly, this Court has jurisdiction over Plaintiff's state law claims because such claims are derived from the same common nucleus of factual allegations and thus, are part of the same case or controversy as Plaintiff's claims under the federal MMWA. *See* 28 U.S.C. § 1367(a).

## IV.    THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION IS MET

22.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

23.     The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart, supra*, at 553.

24.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-

in-controversy requirement has been satisfied." *Ibarra, supra,* at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego, supra,* at 691. (internal citation omitted).

25. As stated above, FCA US disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA US can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

26. Where, like here, a claim is asserted under the Song-Beverly Warranty Act, the court may consider actual damages and civil penalties under the Song-Beverly Warranty Act in determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.,* 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002); *Lawrence v. FCA US LLC,* 2016 WL 5921059 (C.D.Cal. 2016) (holding that defendant's calculation of the amount in controversy properly included actual damages and civil penalties). In addition, this Court may also consider reasonable estimates of attorneys' fees in calculating the amount in controversy. *See Alvarado v. FCA US LLC*, 2017 WL 2495495 (C.D.Cal. 2017), citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998)*; Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). The Song-Beverly Act allows for the recovery of attorneys' fees, which commonly exceed $35,000 (Gregg Decl. ¶¶ 12–14).

27. In this case, as noted above (¶¶ 17–19), Plaintiff is allegedly seeking a minimum of $32,258.29 in restitution, which is the "Total Sales Price" that is "paid or payable" for the vehicle. (Contract for Sale, Section B Disclosures, Exhibit "G" to Gregg Decl.) A civil penalty of two times the claimed actual damages would equal $64,516.58. Taken together Plaintiff's claim for actual damages and a civil penalty of two times that amount equals $96,774.87, which exceeds the $75,000 threshold, even before considering unspecified diminished value damages, incidental and consequential

damages, or attorneys' fees which commonly exceed $35,000 in Song-Beverly cases (Gregg Decl. ¶ 12–14).

28.   Based upon the foregoing, the total amount in controversy exceeds $75,000 and removal is proper.

## V. COMPLETE DIVERSITY EXISTS

29.   The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

30.   A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).) "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)

31.   A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . . ." *See* 28 U.S.C. §1446(b)(3).

32. As noted above, a party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013.

33. Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of Los Angeles, California. (Compl., ¶ 1 (asserting that Plaintiff resides in Los Angeles, California; *Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 U.S.Dist.LEXIS 106507, at *8 (N.D.Cal. 2016) [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).

34. FCA US is, and was at the time Plaintiff commenced this action, a limited liability company organized under Delaware law with its principal place of business in Michigan. (Excerpt from FCA's 2014 Form 10-K filing; Exhibit F to Gregg Decl.; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") The sole member of FCA US is FCA North America Holdings LLC, a limited liability company organized under Delaware law with its principal place of business in Michigan. (FCA US's Certification & Notice of Interested Parties.) The sole member of FCA North America Holdings LLC is FCA Holdco B.V. (Besloten Vennootschap), a company organized under the laws of the Netherlands with its principal place of business in London, United Kingdom. (*Id.*) The sole member of FCA Holdco B.V. is Fiat Chrysler Automobiles N.V. (Naamloze Vennootschap), a publicly traded company incorporated under the laws of the Netherlands with its principal place of business is London, United Kingdom. (*Id.*)

35. Accordingly, diversity existed between Plaintiff and FCA US as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

### A. Defendant Orange Coast and Fraudulent Joinder

36. Plaintiff's Complaint alleges that Orange Coast is an LLC doing business in the County of Los Angeles, State of California. (Compl., ¶ 3). FCA US contends that Orange Coast was fraudulently joined in this action for no reason other than to defeat diversity jurisdiction and prevent removal of the action to federal court. *See In re Briscoe*, 448 F.3d 201, 217 (3d.Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").

37. Here, Plaintiff has sued FCA US for breach of express and implied warranties under both the Song-Beverly Consumer Warranty Act and the MMWA. FCA US believes Plaintiff has no intention of prosecuting these claims against Orange Coast and only added Orange Coast in an attempt to defeat diversity. Indeed, a review of the Complaint's allegations show only bare-boned, non-specific allegations as related to Orange Coast. (Compl., ¶¶ 14, 21, 28, 54, 57.)

38. Further, for the reasons set forth below, Plaintiff's claim against Orange Coast has no merit as a matter of law. Accordingly, it is evident that this claim was only brought to defeat a claim of diversity and removal to Federal Court. Because the joinder of Orange Coast is fraudulent, this Court has the jurisdiction to accept this matter.

### B. Plaintiff's Claims Against Orange Coast under the Song-Beverly Consumer Warranty Act Fail

39. First and foremost, there is no support for Plaintiff's claims against Orange Coast under the Song-Beverly Consumer Warranty Act (or against FCA US for that matter), because the Song-Beverly Consumer Warranty Act does not apply to vehicles sold out-of-state. "The Song–Beverly Act is limited to actions involving "consumer

goods that are sold at retail in [California]." *See In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litigation*, 758 F.Supp.2d 1077, 1097 (S.D.Cal. 2020) (noting that courts "have Courts have routinely dismissed [Song-Beverly Act] claims against manufacturers where none of the named class members could plead that they purchased the goods 'at retail' in California."), quoting Cal. Civ. Code § 1792.1. *See also* Cal. Civ. Code §§ 1792.2, 1793.2(a) (applying the Act's provisions only to "consumer goods that are sold at retail in this state"); *see also Cummins, Inc. v. Superior Court*, 36 Cal.4th 478, 483, 30 Cal.Rptr.3d 823, 824 (2005) (holding "that the Act does not apply unless the vehicle was purchased in California" notwithstanding that the plaintiffs were residents of California or had the vehicle serviced there).

40. Conspicuously absent from Plaintiff's Complaint in this case is any allegation that Plaintiff purchased the subject vehicle in California. (Compl. ¶ 8.) In fact, the vehicle was not "sold at retail in this state," but instead was purchased in Nevada. (Contract for Sale and Purchase Order, Exhibit "G" to Gregg Decl.) As such, the provisions of the Song-Beverly Consumer Warranty Act are not applicable to this case, and Orange Coast cannot be liable for any claims thereunder.

### C. **Plaintiff's Claims Against Orange Coast for Breach of Express and Implied Warranties Fail**

41. Even if Plaintiff's vehicle was purchased in California, Orange Coast still could not be liable under any of Plaintiff's claims for breach of express or implied warranties for the simple reason that Orange Coast did not sell the vehicle or issue any express or implied warranties.

42. In the Complaint, Plaintiff premises her claim for breach of express warranty on the existence of certain "[e]xpress warranties [that] accompanied the purchase of the Vehicle to Plaintiff by which FCA US LLC undertook to preserve or maintain the utility or performance of Plaintiff's vehicle . . . ." (Compl. ¶ 8.)

43. While FCA US issued a written limited warranty covering the subject vehicle at the time of delivery, Orange Coast did not issue any express warranty nor does Plaintiff make any such allegation. To the contrary, Plaintiff identifies Orange Coast only as an "authorized service facility" and Plaintiff's allegations regarding denial of FCA US's warranty coverage or failure to conform the vehicle to that warranty are noticeably directed only at "Defendant"—presumably the warrantor, FCA US—and not against both FCA US and Orange Coast. (Compl. ¶¶ 14, 16–20.) Simply put, Orange Coast cannot be liable for a claim of express warranty when it did not issue any express warranty.

44. Similarly, Plaintiff's claims for breach of implied warranties under the Song-Beverly Consumer Warranty Act and the MMWA are premised on claims that "The sale of the subject vehicle was accompanied by an implied warranty of fitness . . . [and] an implied warranty that the subject vehicle was merchantable" and "in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under California law. (Compl. ¶¶ 28–29, 56.) Indeed, the implied warranty provisions under the Song-Beverly Consumer Warranty Act specifically relate to manufacturers, distributors, and "retail sellers." *See* Cal. Civ. Code §§ 1792, 1792.2.

45. Here, Plaintiff purchased the vehicle from Jim Marsh Chrysler Jeep in Las Vegas, Nevada, not from Orange Coast. (Contract for Sale, Exhibit "G" to Gregg Decl.) Since Orange Coast did not sell the vehicle to Plaintiff, it was not the "retail seller" for purposes of any implied warranty. Orange Coast is also not the manufacturer or distributor of the subject vehicle. (Compl. ¶¶ 13–14 [alleging that FCA US is the "manufacturer" or "distributor" and that Orange Coast is an authorized "service facility"].) As such, Orange Coast is not obligated under any implied warranties which may have been created at the time of sale.

46. Accordingly, since there is no support for Plaintiff's claims against Orange Coast under the Song-Beverly Consumer Warranty Act or the MMWA for breach of

express or implied warranties (nor any support for any claim under Song-Beverly), Orange Coast was fraudulently joined in this action to defeat diversity.

47. For all of the foregoing reasons, complete diversity exists as Defendant is a citizen of Michigan and Delaware and Plaintiff is a citizen of California, and because Orange Coast was fraudulently joined. Accordingly, complete diversity exists for purposes of jurisdiction under 28 U.S.C. § 1332.

## VI. CONCLUSION

48. The State Action may be removed to this Court by FCA US in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the case involved federal question jurisdiction, (iii) the action involves diversity jurisdiction because the parties are citizens of different states and Orange Coast was fraudulently joined, and (iv) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Dated: May 29, 2020                       **ROSEWALDORF LLP**

                                                 By: s/ Michael J. Gregg
                                                     Michael J. Gregg
                                                     Mark W. Skanes
                                                     Attorneys for Defendant FCA US LLC

DEFENDANT FCA US LLC'S NOTICE OF REMOVAL